## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                    2:25-cr-226-KCD-NPM

EVENS EMMANUEL BONHEUR

---

### COMPETENCY EXAMINATION ORDER

Pursuant to 18 U.S.C. § 4241, defendant Bonheur requests a competency hearing. We must set such a hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Reasonable cause turns on information presenting a "bona fide doubt" regarding the defendant's competence. *United States v. Wingo*, 789 F.3d 1226, 1236 (11th Cir. 2015). "There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry …." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). But our Constitution "jealously guards" an incompetent criminal defendant's fundamental right not to stand trial or be convicted. *Wingo*, 789 F.3d at 1235.[1]

---

[1] Unless otherwise noted, this order accepts all alterations and omits all citations, footnotes, and internal quotation marks when it quotes judicial decisions.

Bonheur's attorney raises significant concerns. Based on their out-of-court interactions, as well as information from third parties about Bonheur's mental-health history, defense counsel asserts that Bonheur "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." (Doc. 27 at 1–2). And it "is unlikely that defense counsel would improperly raise the question of competence…." Jeffrey Manske & Mark Osler, *Crazy Eyes: The Discernment of Competence by A Federal Magistrate Judge*, 67 LA. L. REV. 751, 780 (2007).

"Prior to the date of the [competency] hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). Based on defense counsel's assessment and given the absence of any opposition from the government, we find that Bonheur needs an examination to determine if he suffers from a mental disease or defect that renders him incompetent to proceed to trial.

Accordingly, we **GRANT** the motion (Doc. 27) and **DIRECT** the Bureau of Prisons to conduct a mental-health examination of Bonheur. A psychiatric or psychological report must be prepared, pursuant to the provisions of section 4247(b) and (c), and filed with the court under seal within fourteen days from the completion

of the examination. A copy of the report must be provided to counsel. The report must include: (a) Bonheur's history and present symptoms; (b) a description of the psychiatric, psychological, and medical tests that were employed and their results; (c) the examiner's findings; and (d) the examiner's opinions as to Bonheur's diagnosis and prognosis and whether he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense. The Department of Justice is responsible for payment of the services rendered in accordance with this order.

Within fourteen days of receiving the report, the parties are to file a joint memorandum discussing whether an evidentiary hearing should be set or whether further examination(s) may be desired. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the delay resulting from the examination(s) and any resulting hearing is excluded from the calculation of time for speedy trial under the Speedy Trial Act.

**ORDERED** on February 9, 2026

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

c: United States Marshal

3