UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 2:25-cr-226-KCD-NPM

EVENS EMMANUEL BONHEUR

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL IMMEDIATE TRANSPORTATION AND HOSPITALIZATION FOR COMPETENCY RESTORATION**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, moves this Court to deny the defendant's motion for immediate transport. In support of its response motion, the United States provides the following:

**Procedural Background**

1. On October 29, 2025, Evens Emmanuel Bonheur, the defendant, was charged by Indictment (Doc. 3) with a total of seven counts. Counts One, Two, and Three charge the defendant with Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(c)(1)(C). Counts Four and Five charge the defendant with Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(c)(1)(B). Count Six charges Bonheur with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(c)(1)(C). Count Seven charges Bonheur with Using and Carrying a Firearm During and in Relation to and in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). If convicted on the charges as alleged in the current Indictment, Bonheur faces a

minimum of ten years of incarceration.

2. On November 24, 2025, the court held a detention hearing and ordered Bonheur detained based upon being a serious risk of flight and a danger to the community. Doc. 11 and 14. The defendant then waived formal reading of the Indictment and entered a plea of not guilty. *Id.*

3. On February 5, 2026, Bonheur filed an unopposed motion to determine competency pursuant to 18 U.S.C. § 4241(a) and (b). Doc. 27. On February 9, 2026, the Court granted the unopposed motion to determine competency and directed the Bureau of Prisons (BOP) to conduct a mental-health examination of Bonheur pursuant to the provisions of section 4247(b) and (c). Doc. 28.

4. On May 20, 2026, after receiving the report from the BOP regarding the forensic evaluation of Bonheur, the court held a competency hearing where the parties agreed that the defendant be committed to the custody of the Attorney General to be evaluated for a period of up to four months to determine if his competency can be restored. Doc. 42. The court found "that Bonheur's mental illness significantly interfere[d] with his ability to properly assist counsel in his defense and recommend[ed] that [he] be committed to a Federal Medical Center for restoration to competency under 18 U.S.C. § 4241(d).

5. On September 21, 2026, the United States filed a Notice of Transport Status regarding Bonheur's status of transport for restoration. Doc. 51. In the Notice, the undersigned provided correspondence from the Bureau of Prisons regarding the Bonheur's transport status and national bed space issues with facilities equipped to

hospitalize for restoration. On that date, Bonheur was number 19 in line for a bed at FMC Butner. *See id.*

6. On September 22, 2026, Bonheur filed a motion to order immediate transport and hospitalization for competency restoration alleging that his due process rights are otherwise being violated absent immediate evaluation. Doc. 52. Bonheur bases his due process argument on the fact that over four months have passed since the Court ordered him to be evaluated. *Id.*

7. As of September 25, 2026, the USMS indicated that Bonheur is 17th on the list for a bed at the assigned facility, FMC Butner for hospitalization. The USMS also indicated that Bonheur was designated to FMC Butner on May 26, 2026.

**Memorandum of Law**

Pursuant to 18 U.S.C. § 4241, if either party "file[s] a motion for a hearing to determine the mental competency of the defendant," the court "shall grant the motion" and set a hearing. 18 U.S.C. § 4241(a). "Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted," with a resulting report filed with the court. 18 U.S.C. § 4241(b). To facilitate this initial examination, the court may commit the defendant "to the custody of the Attorney General ... *Id.*; 18 U.S.C. § 4247(b).

After holding the competency hearing, the court "shall commit the defendant to the custody of the Attorney General" if it "finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). This initial hospitalization period shall be "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

At the end of that initial evaluative period, a district court may extend the defendant's hospitalization "for an additional reasonable period of time until": (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier. 18 U.S.C. §§ 4241(d)(2)(A)-(B). If, "at the end of the time period specified" in § 4241(d), "it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, [then] the defendant is subject to the [commitment] provisions of sections 4246 and 4248."

## Argument

1. **There has been no violation of section 4241(d) because the clock has not begun to run.**

In his motion, Bonheur concedes that the Eleventh Circuit, in *United States v. Alhindi*, 97 F.4th 814, 824-26 (11th Cir. 2024), found that the four-month time limit provided in Section 4241(d) applies only to the period of hospitalization; therefore, 4241(d) has not been violated by Bonheur's time spent in detention awaiting transport

for hospitalization.

**2. Bonheur's pre-hospitalization detention in this case does not violate due process.**

The suitable facility in this case, Butner FMC, has been designated in this case. Bonheur is on a waiting list to be transported there based upon bed space, so coordination is still in place since the order to transport has been entered. *See Alhindi*, 97 F.4th at 826 (explaining that the Attorney General needs "a reasonable amount of time" to accomplish coordination with the designated facility). *See also*, Doc. 51 and Doc. 51-Attachment A (explaining the "Status of Transport" for Bonheur).

The United States recognizes that the Ninth Circuit in *United States v. Donnelly*, 41 F.4th 1102, 1106 (9th Cir. 2022) found that indefinite commitment under 18 U.S.C. § 4241(d) violates due process. *Donnelly* cited *Jackson v. Indiana*, 406 U.S. 715 (1972), which found that a defendant who had been confined for a period of three-and-a-half years without restoration had his due process rights violated. *Id.* At 1105-06. *Jackson* found that the "nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Donnelly*, 41 F.4th at 1105. The *Donnelly* Court ultimately ordered the defendant transported within seven days after finding that his pre-hospitalization commitment period of eight months was in his due process interests. *Id.* At 1108-09.[1]

[1] The defendant also cites *United States v. McCarthy*, 703 F. Supp. 3d 1377 (M.D. Fla. 2023) to support his proposition that his due process rights have been violated. *McCarthy* is highly distinguishable from Bonheur's case. The defendant in *McCarthy* was 92 years old with a litany of health problems leading him to be on life support while detained pending trial. *McCarthy*, 703 F. Supp. at 1378. After coming out of life support, the defendant in *McCarthy* was ordered released from custody after suffering from various physical health issues and an altered mental state, causing him to be essentially, terminally ill. *Id.* at 1378-79, 1381. The *McCarthy* defendant

*Donnelly* and *Jackson* are distinguishable from the instant case. In *Donnelly*, the Court ordered transport for hospitalization to occur within seven days after the defendant had been awaiting transport for a period of approximately more than eight months. Here, Bonheur has been awaiting transport for approximately four months and correspondence from the BOP provided in Attachment A of the United States' Notice of Transport (Doc. 51) indicates a likely transport no later than in the middle of November 2026, roughly less than six months after the order of transport was issued by the Magistrate Judge.

In *Jackson*, the defendant was a "mentally defective deaf mute, who [could] not read, write, or virtually otherwise communicate," who was confined for a period of roughly three-and-a-half years without indication of his competency being restored. *Jackson*, 406 U.S. at 715-16, 738-739. Here, Bonheur is, without evidence shown to the contrary, a twenty-eight-year-old able-bodied individual who can speak and hear. Bonheur is awaiting transport for hospitalization to restoration rather than being at the restoration to competency phase, and has been awaiting that transport for approximately four months.

Bonheur's delay in transport in this case is highly distinguishable from the *Jackson* defendant. Bonheur is currently in a queue pending transfer to FMC Butner

---

was ultimately ordered incompetent under § 4241(d) and ordered committed to the Attorney General's custody. After an interlocutory appeal, the *McCarthy* defendant reported to FCI Coleman to await transport to Butner, his designated facility for hospitalization. The court ultimately dismissed the *McCarthy* indictment citing no date for a proposed transfer to Butner and information that defendants were waiting up to a year for a bed for restoration with doctors in short supply. *See McCarthy*, 703 F. Supp at 1379. Bonheur, a 28-year-old male, who presents no evidence of physical health problems remains situationally different than the defendant in *McCarthy*. Additionally, the BOP has indicated a timeline that is practically less than two months from now rather than what the *McCarthy* court described as having no proposed date of the same.

for evaluation pursuant to the Court's order. While a transportation delay is regrettable and an unfortunate reality of the BOP's lack of bedspace, it does not amount to the type of "indefinite" detention that created a Due Process violation in *Jackson*.

According to the USMS, as of September 25, 2026, the defendant was currently 17th on the list for transfer. Per Dr. Brannen, Chief of the Psychological Evaluation section for the BOP, FMC Butner "can typically admit twelve new mental health study orders every month." Doc. 51-Attachment A. Given Bonheur's spot on the transport list, the number of new mental health orders that FMC Butner typically admits on a monthly basis, and the representations of Dr. Brannon that "[Bonheur] is expected to admit to FMC Butner no later than mid-November 2026," there is clearly a plausible end in sight to Bonheur's transport status. Unlike *Jackson*, Bonheur's period is not indefinite.

Additionally, though the United States agrees that there is no hard and fast period of delay that triggers a *per se* due process violation based upon caselaw from various courts on the issue, lower courts in the Eleventh Circuit have found that similar delays to transport for hospitalization do not violate due process. *See United States v. Olson*, 812 F. Supp. 1312, 1315 (S.D. Fla. 2025) (defendant's five month pre-hospitalization detention due to lack of bed space at defendant's designated facility was no a due process violation because his commitment bore some "reasonable relation to the purpose for which [defendant] [was] committed" under *Jackson*); *United States v. Lee*, 2022 WL 18275882 (S.D. Fla. 2022) (holding that a delay of five months to transport for hospitalization since the order for competency evaluation was not a

due process violation and found persuasive that the defendant had also been previously ordered detained under 18 U.S.C. § 3142).

Bonheur's request for immediate transport functions as both a statement that his due process rights are more important than those who also have been similarly situated by awaiting transport for hospitalization and a request to jump ahead of the others who are closer in line for hospitalization. Such a request would effectively violate the due process of those individuals who have been waiting and have not been granted immediate transportation for hospitalization. If the court finds that Bonheur's due process rights have been violated and therefore, he should be immediately transported for hospitalization, the court's order would similarly function as impliedly finding that Bonheur's due process rights are superior to those due process rights belonging to individuals who are closer in line to be hospitalized. Similarly, should the court order Bonheur's immediate transport, it would remain difficult to predict if such immediate transport would actually result in immediate hospitalization, given that, unfortunately, there is a lack of the appropriate bed space available to provide hospitalization to those ordered for restoration. Moreover, the logistical movement of a prisoner by the U.S. Marshals is subject to the availability of flights that may or may not be immediately available.

The BOP has indicated that Bonheur will be transported no later than mid-November 2026 to FMC Butner, which is less than six months from the date of the Court's order to transport Bonheur for hospitalization. Such a statement also implies that transport could come sooner than mid-November. There is no dispute that

Bonheur is currently pending transfer to a suitable facility as required by section 4241(d); instead, Bonheur contests how long it has taken to transfer him to such a facility. Bonheur's spot in the queue to be transported, though, has continued to move closer to the front of the line.

There is also no evidence that the Attorney General deliberately neglected its duties and failed to identify a suitable facility for Bonheur or had failed to enter Bonheur into a queue for Defendant's transport to such a suitable facility. Bonheur's pre-hospitalization period is due to outside factors related to the limited number of restoration sites, staffing levels, bed space, and increased need for restoration services, which are reasonably related to the purpose for which Bonheur was committed. *See Jackson*, 406 U.S. at 738; Doc. 51-Attachment A. His due process rights have not been violated.

## Conclusion

The defendant's motion for immediate transport should be denied because he has not been denied due process in the manner by which he was designated to a medical facility for restoration, nor has such an extraordinary amount of time elapsed that it would require immediate transport, if that were even feasible. For those reasons, the defendant's motion should be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Mark R. Morgan*

Mark R. Morgan
Assistant United States Attorney
United States Attorney No. 206
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone: (239) 461-2200
Facsimile: (239) 461-2219
E-mail: mark.morgan@usdoj.gov

**U.S. v. Evens Emmanuel Bonheur** **Case No. 2:25-cr-226-KCD-NPM**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael Leeman, leemanlegal.com

*/s/ Mark R. Morgan*
Mark R. Morgan
Assistant United States Attorney
United States Attorney No. 206
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone: (239) 461-2200
Facsimile: (239) 461-2219
E-mail: mark.morgan@usdoj.gov