**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**UNITED STATES OF AMERICA**

v. 2:25-cr-226-KCD-NPM

**EVENS EMMANUEL BONHEUR**

---

**ORDER**

Defendant Evens Emmanuel Bonheur has been charged by indictment with seven counts involving the possession and distribution of controlled substances in violation of 21 U.S.C. §§ 841, 924. (Doc. 3). Pursuant to 18 U.S.C. § 3142(e)(1), he is detained pending trial. (Doc. 14). On May 20, 2026, we found Bonheur unable to properly assist in his defense, and under 18 U.S.C. § 4241(d), we directed the Attorney General to hospitalize him in a suitable facility for competency-restoration treatment. (Doc. 44).

More than four months have passed since that order, and Bonheur remains in the custody of the U.S. Marshal awaiting hospitalization. (Doc. 51 at 1–2). At last word, he is seventeenth in line for a bed at FMC Butner, with an estimated hospitalization by mid-November 2026. (Doc. 53 at 8). Asserting that this lengthy pre-hospitalization detention violates both his statutory and constitutional rights, Bonheur requests immediate transport and hospitalization.

Prolonged pre-hospitalization detention implicates the Fifth Amendment's due process clause. For defendants found to be incompetent, their detention is subject to a "rule of reasonableness." *Jackson v. Indiana*, 406 U.S. 715, 733 (1972). While the Eleventh Circuit has not yet determined whether the *Jackson* rule applies to pre-hospitalization detention under § 4241(d), courts have found that an eight- or nine-month delay violates due process. *See United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022) (eight months); *United States v. Calderon-Chavez*, 688 F. Supp. 3d 472 (W.D. Tex. 2023) (nine months).[1]

As it stands, Bonheur's probable pre-hospitalization detention would last significantly longer than the four months "Congress permitted for the period of hospitalization itself." *Donnelly*, 41 F.4th at 1106. And courts have found this to be presumptively unconstitutional. *See United States v. McCarthy*, 703 F. Supp. 3d 1377, 1381 (M.D. Fla. 2023). Four months may not be a hard deadline, but a pre-hospitalization detention significantly longer than that is not permissible. *See United States v. Wazny*, No. 3:21-cr-247, 2022 WL 17363048, *5 (M.D. Pa. Dec. 1, 2022) (six months "clearly exceeds" a reasonable period of time).

The government points to a lack of bed space in appropriate federal facilities and the logistical issues regarding the movement of defendants. (Doc. 53 at 8).

---

[1] In *United States v. Alhindi*, 97 F.4th 814, 826 n. 4 (11th Cir. 2024), the Eleventh Circuit acknowledged the possible due process implications present with an extensive pre-hospitalization detention following a § 4241(d) order, but reserved ruling on that issue or addressing *Donnelly*.

However, "administrative and bureaucratic difficulties … provide no substantive reason" to justify a lengthy pre-hospitalization detention. *Wazny*, 2022 WL 17363048, *6. At bottom, the government's statutory duty is to ***hospitalize*** Bonheur, and not simply to identify a suitable facility and place him in a queue. (Doc. 53 at 9); 18 U.S.C. § 4241(d) ("The Attorney General ***shall*** hospitalize the defendant for treatment in a suitable facility") (emphasis added).[2]

Finally, the Southern District cases the government cites are distinguishable. In *Lee*, the defendant had been adjudicated guilty and then found incompetent before sentencing. *United States v. Lee*, No. 1:21-cr-20034-Altonaga, 2022 WL 18275882, *5 (S.D. Fla. Dec. 27, 2022) (report and recommendation). And in *Olson*, the defendant did not seek to compel hospitalization but instead sought a dismissal. *United States v. Olson*, 812 F. Supp. 3d 1312, 1316 (S.D. Fla. 2025); *see also United States v. Lara*, 671 F. Supp. 3d 1257, 1264–65 (D.N.M. 2023) (the appropriate remedy for a potential due process violation stemming from a failure to hospitalize under § 4241(d) is an order to promptly hospitalize the defendant). Moreover, the defendants in *Lee* and *Olson* had waited only five months for hospitalization, but by

[2] The government has other options to effectuate Bonheur's hospitalization, including placement at another Federal Medical Center (such as FMC Devens or USMCFP Springfield) or invoking 18 U.S.C. § 4247(i)(A) to place him in an appropriate state or private facility.

the government's projection, Bonheur is likely to wait at least six months. *Lee*, 2022 WL 18275882, *5; *Olson*, 812 F. Supp. 3d at 1314.

We cannot order the Attorney General to place Bonheur in a specific federal, state, or private facility. *See United States v. Dalasta*, 856 F.3d 549, 553–54 (8th Cir. 2017) (Congress has granted the Attorney General discretion in choosing a suitable facility); *United States v. Quintero*, 995 F.3d 1044, 1050 (9th Cir. 2021) (the courts have no role in determining the suitable facility); *United States v. Wilson*, No. 22-mc-50780, 2022 WL 2079706, *3 (E.D. Mich. Jun. 9, 2022) (discretion to order outpatient competency-restoration treatment is designated to the Attorney General).

But we can effectuate Bonheur's hospitalization. *See Lara*, 671 F. Supp. 3d at 1266 (ordering the Attorney General to hospitalize the defendant within seven days); *United States v. Reeves*, 690 F. Supp. 3d 531, 537-38 (W.D.N.C. 2023) (ordering hospitalization within two weeks); *Wazny*, 2022 WL 17363048, *6 (ordering immediate hospitalization). Appreciating the practicalities of the situation, we will allow another four weeks for compliance with our May 20, 2026 order. While we may not order the Attorney General to use his § 4247(i)(A) authority to utilize a non-FMC facility, we implore him to consider this option and commence the required treatment even sooner.

We **GRANT IN PART** Bonheur's motion (Doc. 52) and **DIRECT** the Attorney General and the United States Marshal to transport and hospitalize Bonheur at a suitable federal, state, or private facility. The Attorney General shall hospitalize Bonheur by **November 6, 2026**.

**ORDERED** on October 9, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

c: United States Marshal